JOSEPH MICELI *vs.* LAWRENCE A. CHAPPELL, JR.

Second Judicial District, Norwich, April Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued April 30th—decided June 2d, 1930.

*Arthur T. Keefe,* for the appellant (defendant).

*George C. Morgan,* for the appellee (plaintiff).

PER CURIAM. This is an appeal from the denial of the defendant's motion to set aside the verdict of the jury in favor of the plaintiff. The jury could reasonably have found the following facts: Bank Street in New London runs in a generally northerly and southerly direction. The plaintiff came out of the building

where he was employed on the east side of Bank Street with the intention of crossing the street. There was an automobile headed south standing between two gasoline pumps located in front of the building, and taking gasoline from one of the pumps. There was a line of automobiles parked along the curb in both directions. The plaintiff waited until the car at the gasoline pump pulled out from the curb, and then stepped out into the street between the lines of automobiles, and as he stood about three feet from the curb looking both to the right and left, was struck by the defendant's car which approached from the south. The jury could reasonably have found that the defendant was negligent in failing to keep a proper lookout and in failing to have his car under proper control. The defendant claims that the plaintiff was guilty of contributory negligence as a matter of law in stepping out in the street in front of the defendant's car which it is claimed he saw or could have seen, if he had looked, approaching from the south. If the plaintiff when he was struck was but three feet from the curb, as he testified, he was within the outer edge of the line of cars parked along the curb, and his view to the south may have been obstructed, not only by the line of parked cars, but also by the car which had just pulled out from the curb and must have been passed by the defendant's car as it approached from the south. We cannot say that his conduct was negligent as a matter of law. The question of his contributory negligence, as well as that of the negligence of the defendant, was under the circumstances a question of fact for the jury, as was the question whether the negligence of the defendant was the proximate cause of the plaintiff's injuries, and the court did not err in its denial of the motion to set the verdict aside.

There is no error.